Holly Roark (SBN 234638)
ROARK LAW OFFICES
1875 Century Park E. Ste. 600
Los Angeles, CA 90067
holly@roarklawoffices.com
T (310) 553-2600
F (310) 553-2601

Attorney for Debtor/Plaintiff

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT CALIFORNIA

| | |
|---|---|
| In re | Case No.: 2:13-bk-33057-ER |
| JOYCE LOUISE GARBER, | Chapter 7 |
| Debtors | Adv No. |
| JOYCE LOUISE GARBER, | **COMPLAINT FOR:** |
| Plaintiff | **DETERMINATION THAT STUDENT LOAN DEBT IS DISCHARGEABLE PURSUANT TO 11 U.S.C. §523(a)(8)** |
| vs. | |
| ACS Education Services, Inc., NCO Financial Systems, Inc., MRS BPO LLC, Sallie Mae, Inc., MRU Holdings, Inc., Firstmark Services, LLC, University Accounting Service, LLC, National Collegiate Student Loan Trust 2004-2, A Delaware Statutory Trust(s), Continental Service Group, Inc., Diversified Collection Services, Inc., GC Services Limited Partnership, Credit Collection Services Group, Inc., | |
| Defendants. | |

1

Plaintiff/Debtor, Joyce Louise Garber alleges:

## JURISDICTION

1.      This Court has jurisdiction under 11 U.S.C. §523. Pursuant to LBR 7008, Plaintiff states that this adversary proceeding is a core proceeding pursuant to 28 U.S.C. §§157, 1334, and arising under Chapter 7 of the Bankruptcy Code, case No. 2:13-bk-33057-ER.

2.      This adversary proceeding is brought pursuant to 11 U.S.C. §§523(a)(8) and 105 Federal Rule of Bankruptcy Procedure 7001.

3.      This is a core proceeding within the meaning of 28 U.S.C. §§ 157(a), (b)(1), and (b)(2)(I). Venue is proper pursuant to 28 U.S.C. §1409 by virtue of the Debtor's Chapter 7 bankruptcy case pending before the United States Bankruptcy Court of the Central District of California.

## THE PARTIES

4.      Plaintiff JOYCE LOUISE GARBER ("Plaintiff") is an individual residing in the County of Los Angeles, California and is the debtor in the instant bankruptcy proceeding.

5.      The defendants herein, ACS EDUCATION SERVICES, NCO FINANCIAL SYSTEMS, INC., MRS BPO LLC, SALLIE MAE, INC., MRU HOLDINGS, INC., FIRSTMARK SERVICES, LLC, UNIVERSITY ACCOUNTING SERVICE, LLC, CONTINENTAL SERVICE GROUP, INC., DIVERSIFIED COLLECTION SERVICES, INC., GC SERVICES LIMITED PARTNERSHIP, and CREDIT COLLECTION SERVICES GROUP, INC. ("Defendants"), are creditors and parties in interest in the above-referenced bankruptcy proceeding who do business in California.

6.      Plaintiff is informed and believe and thereon alleges that said Defendants made, hold, own, were assigned, or are servicing loans received by Plaintiff, some of which are all or parts are insured or guaranteed by governmental units for the payment of educational benefits.

7.      Between approximately 1991 to 2006, Plaintiff entered into various agreements with Defendants and/or their predecessors in interest for student loans to finance her

undergraduate education at California State University at Stanislaus and her graduate nursing education at Azusa Pacific University.

8.      Plaintiff is informed and believes and thereon alleges that the outstanding student loans, including penalties and interest, total approximately $596,271.00, in the aggregate.

9.      Plaintiff is informed and believes and thereon alleges that a large majority of the outstanding balance is accrued interest.  Plaintiff is also informed and believes and thereon alleges that some of the loans are wrongfully being collected by separate entities at the same time. The loans have been sold and assigned such that it is impossible for Plaintiff to determine who the rightful owners of the loans are at this time.

**FIRST CLAIM FOR RELIEF**

(Determination that Student Loan Debt is Dischargeable pursuant to 11 U.S.C. §523(a)(8) -- Against All Defendants)

10.     Plaintiff re-alleges and incorporates herein by reference all the allegations contained in the previous paragraphs (1 – 9), as though each and every allegation was set forth in full herein.

11.     After attending several junior colleges, Plaintiff attended and graduated from California State University at Stanislaus in Turlock, California in 1991.  Plaintiff believes she took out no more than $50,000 in student loans during her undergraduate years, and she worked throughout those years.

12.     Plaintiff attended a graduate nursing program at Azusa Pacific University from September 7, 2004, through July 28, 2006.  Plaintiff was part of the first cohort of a new program at Azusa Pacific University that it appears now may not have been fully accredited when she began.  Plaintiff's graduate nursing program was an accelerated graduate program with over 12 units 3 times a year, with two sessions in summer. She now believes she was misled by Asuza as she did not obtain the degree she was promised.

3

13.    Plaintiff was promised a Bachelors of Science in Nursing but was later denied this degree, as were her classmates. The university said the failure to grant Bachelors of Science in Nursing degrees ("BSN") to Plaintiff and its other students had to do with fulfilling coursework requirements.  However, Plaintiff has at least one instructor in the program who disputes that claim and says she and her classmates are entitled to receive their BSN degrees.  In fact, now in 2013, the university is starting to award BSNs for the same work that Plaintiff did.  She does not believe that the university will retroactively award her a BSN.

14.    Not having a BSN greatly limits the Plaintiff's job possibilities. Although she did not receive her BSN, she was eligible to acquire a Public Health Nursing Certificate and Test for her Registered Nursing License.  It is incredibly unusual not to have a degree in nursing yet still have a nursing license, but this is the predicament Plaintiff finds herself in. She had to explain it to the nursing board to even get licensed and she has had to explain it again repeatedly many times since.

15.    Plaintiff is informed and believes and thereon alleges that she took out no more than a principal sum of $50,000 to $100,000 during graduate school at Asuza Pacific University. However, due to default and compounded high interest, and/or the same loans being collected by various collection agencies, the loan balances have practically quadrupled.

16.    Prior to obtaining her graduate student loans, Plaintiff consulted a financial planner to make sure she could afford the loans.  She was assured she could.  She was never informed of the actual cost of her education, including how interest would accrue, especially after a default.

17.    Plaintiff made many payments on each one of her various student loans for many years.  Currently one of her Federal consolidated Sallie Mae loans is in forbearance.

18.    Since 2009 the Plaintiff has been unemployed and under employed, and it has been difficult to meet her obligations, including her student loan payments.

19.    In approximately February of 2012, the Plaintiff was diagnosed with breast cancer.  She went through surgery and chemotherapy. During this time she was incredibly ill and could not work.  Her loans went into default.

20.    Plaintiff is currently approximately 50 years old.  In addition to her breast cancer, she has a history of documented mental illness, which includes severe depression.  Due to her age, cancer diagnosis, mental health issues, and lack of the nursing degree she was promised, she has had much difficulty finding work as a nurse.  It is unlikely that the Plaintiff will ever find permanent work.  She has only managed to find temporary work, which pays very little. Presently she is earning approximately $650 per month through a temp agency.  She gets about $1,219 per month from EDD.  Both of the foregoing are not permanent.  Her retirement savings has nearly run out.  As of the date of filing bankruptcy, she had about $19,000 in an IRA but that is being depleted.

21.    Plaintiff has made a good faith effort to repay each and every one of her student loans.  Presently one of her federal Sallie Mae loans is in forbearance, while the others have gone to collections.

22.    Based upon Plaintiff's current income and expenses, she cannot maintain a minimal standard of living for herself if she is forced to repay her loans.  She currently only works as a temporary worker, earning approximately $650 per month, and the EDD payments of approximately $1,219 per month will cease in the near future, while her living expenses are approximately $3,450 per month, not including student loan payments! Her high expenses are due in part to her medical issues. She can barely get by financially. The student loans are clearly an undue hardship to Plaintiff.

23.    Plaintiff's current financial situation is likely to continue for a big part of the repayment period, indeed for the remainder of her life.

### SECOND CLAIM FOR RELIEF

(For Equitable Reformation of Loan Terms and/or Loan Amount as permitted under the
Bankruptcy Code -- Against All Defendants)

24.    Plaintiff re-alleges and incorporates herein by reference all the allegations

contained in the previous paragraphs (1 – 23), as though each and every allegation was set forth

in full herein.

25.    Alternatively, Plaintiff requests the Court to invoke its equitable powers to reform

the terms of underlying student loan debts to a reasonable loan amount and/or interest rate which

would relieve Plaintiff from undue hardships while enable the Plaintiff to maintain a minimum

standard of living.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request:

A.    An order of this Court declaring and adjudicating that the Plaintiff's student loan

obligations to Defendants constitute an undue hardship on them and that such obligations are

therefore discharged pursuant to 11 U.S.C. §523(a)(8), in whole or in part;

B.    Reasonable attorneys' fees and costs incurred by bringing this action; and

C.    That this Court grants Plaintiff such other and further relief as the Court deems

just and proper.


November 8, 2013                                        ROARK LAW OFFICES


                                                       Holly Roark, Attorney for Plaintiff

FORM B104 (08/07)                                                    2007 USBC, Central District of California

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Page 2) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|

| **PLAINTIFFS** JOYCE LOUISE GARBER | **DEFENDANTS** ACS Education Services, Inc., NCO Financial Systems, Inc., MRS BPO LLC, Sallie Mae, Inc., MRU Holdings, Inc., Firstmark Services, LLC, University Accounting Service, LLC, National Collegiate Student Loan Trust 2004-2, A Delaware Statutory Trust(s), Continental Service Group, Inc., Diversified Collection Services, Inc., GC Services Limited Partnership, Credit Collection Services Group, Inc. |
|---|---|
| **ATTORNEYS** (Firm Name, Address, and Telephone No.) Holly Roark:  ROARK LAW OFFICES: 1875 Century Park E. Ste. 600, Los Angeles, CA 90067; T (310) 553-2600 | **ATTORNEYS** (If Known) |

**PARTY** (Check One Box Only)

- ■ Debtor
- ☐ Creditor
- ☐ Trustee
- ☐ U.S. Trustee/Bankruptcy Admin
- ☐ Other

**PARTY** (Check One Box Only)

- ☐ Debtor
- ■ Creditor
- ☐ Trustee
- ☐ U.S. Trustee/Bankruptcy Admin
- ☐ Other

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)  COMPLAINT FOR: DETERMINATION THAT STUDENT LOAN DEBT IS DISCHARGEABLE PURSUANT TO 11 U.S.C. §523(a)(8)

## NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**

- ☐ 11-Recovery of money/property - §542 turnover of property
- ☐ 12-Recovery of money/property - §547 preference
- ☐ 13-Recovery of money/property - §548 fraudulent transfer
- ☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**

- ☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**

- ☐ 31-Approval of sale of property of estate and of a co-owner – §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**

- ☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**

- ☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**

- ☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
- ☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
- ☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**

- ☐ 61-Dischargeability - §523(a)(5), domestic support
- ☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
- ■ 63-Dischargeability - §523(a)(8), student loan
- ☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
- ☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**

- ☐ 71-Injunctive relief – imposition of stay
- ☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**

- ☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**

- ☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**

- ☐ 01-Determination of removed claim or cause

**Other**

- ☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
- ☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand  $ |

Other Relief Sought:   Or alternatively, reformation of student loan debts.

FORM B104 (08/07), page 2                                                      2007 USBC, Central District of California

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | |
| --- | --- |
| NAME OF DEBTOR<br>JOYCE LOUISE GARBER | BANKRUPTCY CASE NO.<br>2:13-bk-33057-ER |

| DISTRICT IN WHICH CASE IS PENDING<br>Central District of California | DIVISIONAL OFFICE<br>Los Angeles | NAME OF JUDGE<br>Ernest M. Robles |
| --- | --- | --- |

| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| --- | --- | --- |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISIONAL OFFICE | NAME OF JUDGE |

SIGNATURE OF ATTORNEY (OR PLAINTIFF)

| DATE<br>November 9, 2013 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Holly Roark |
| --- | --- |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendents.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not presented by an attorney, the plaintiff must sign.

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Holly Roark (SBN 234638)<br>ROARK LAW OFFICES<br>1875 Century Park E. Ste. 600<br>Los Angeles, CA 90067<br>T (310) 553-2600<br>F (310) 553-2601<br>holly@roarklawoffices.com<br><br><br>*Attorney for Plaintiff* | |

<div align="center">

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA -  Los Angeles       DIVISION**

</div>

| In re:<br>JOYCE LOUISE GARBER | CASE NO.: 2:13-bk-33057-ER<br><br>CHAPTER: 7 |
|---|---|
| <br><br><br><br>Debtor(s). | ADVERSARY NUMBER: |

| JOYCE LOUISE GARBER<br><br><div align="right">Plaintiff(s)</div><br><div align="center">Versus</div><br>ACS Education Services, Inc., NCO Financial Systems, Inc., MRS BPO LLC, Sallie Mae, Inc., MRU Holdings, Inc., Firstmark Services, LLC, University Accounting Service, LLC, National Collegiate Student Loan Trust 2004-2, A Delaware Statutory Trust(s), Continental Service Group, Inc., Diversified Collection Services, Inc., GC Services Limited Partnership, Credit Collection Services Group, Inc. | <div align="center"><br><br>**SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING  [LBR 7004-1]**</div> |
|---|---|

TO THE DEFENDANT:  A Complaint has been filed by the Plaintiff against you.  If you wish to defend against the Complaint, you must file with the court a written pleading in response to the Complaint.  You must also serve a copy of your written response on the party shown in the upper left-hand corner of this page.  The deadline to file and serve a written response is _____. If you do not timely file and serve the response, the court may enter a judgment by default against you for the relief demanded in the Complaint.

A status conference in the adversary proceeding commenced by the Complaint has been set for:

| **Hearing Date:** _____ | **Place:** |
|---|---|
| **Time:** _____ | ☐  255 East Temple Street, Los Angeles, CA 90012 |
| **Courtroom:** _____ | ☐  3420 Twelfth Street, Riverside, CA 92501 |
| | ☐  411 West Fourth Street, Santa Ana, CA 92701 |
| | ☐  1415 State Street, Santa Barbara, CA 93101 |
| | ☐  21041 Burbank Boulevard, Woodland Hills, CA 91367 |

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

**You must comply with LBR 7016-1, which requires you to file a joint status report and to appear at a status conference.**  All parties must read and comply with the rule, even if you are representing yourself.  You must cooperate with the other parties in the case and file a joint status report with the court and serve it on the appropriate parties at least 14 days before a status conference.  A court-approved joint status report form is available on the court's website (LBR form F 7016-1.STATUS.REPORT) with an attachment for additional parties if necessary (LBR form F 7016-1.STATUS. REPORT.ATTACH).  If the other parties do not cooperate in filing a joint status report, you still must file with the court a unilateral status report and the accompanying required declaration instead of a joint status report 7 days before the status conference.  **The court may fine you or impose other sanctions if you do not file a status report.  The court may also fine you or impose other sanctions if you fail to appear at a status conference.**


                              KATHLEEN J. CAMPBELL
                              CLERK OF COURT


Date of Issuance of Summons and Notice of Status Conference in Adversary Proceeding: _____




                         By: _____
                              Deputy Clerk

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

1875 Century Park E. Ste. 600, Los Angeles, CA 90067

A true and correct copy of the foregoing document entitled: **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING [LBR 7004-1]** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 11/9/2013        , I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Richard K Diamond (TR)** jlv@dgdk.com
- **Joyce Louise Garber Holly Roark** holly@roarklawoffices.com
- **United States Trustee (LA)** ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) 11/9/2013        , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

The Honorable Ernest M. Robles
Central District of California Bankruptcy Court
255 E. Temple Street, Suite 1560 / Courtroom 1568
Los Angeles, CA 90012

■Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*)                , I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| 11/9/2013 | Holly Roark | |
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

## ATTACHMENT TO PROOF OF SERVICE

| | | |
|---|---|---|
| ACS Educational Services<br>501 Bleecker St<br>PO Box 7051<br>Utica, NY 13504-7051<br><br>Acs/cahgred<br>501 Bleecker St<br>Utica, NY 13501 | NCO Financial Systems, Inc.<br>PO Box 15943<br>Wilmington, DE 19850<br><br>Agent for Service of Process:<br>NCO Financial Systems, Inc. c/o<br>C T Corporation System<br>818 W Seventh St.<br>Los Angeles CA 90017 | Mrs Bpo LLC<br>1930 Olney Ave<br>Cherry Hill, NJ 08003<br><br>Agent for Service of Process:<br>Mrs Bpo LLC c/o<br>National Corporate Research, Ltd.<br>202 South Minnesota Street<br>Carson City, NV 89703 |
| Firstmark Services, LLC<br>PO Box 2977<br>Omaha, NE 68103<br><br>Firstmark Services, LLC<br>PO Box 82522<br>Lincoln, NE 68501-2522 | Continental Service Group, Inc.<br>Department 538<br>PO Box 4115<br>Concord, CA 94524<br><br>Agent for Service of Process:<br>Continental Service Group, Inc. c/o<br>C T Corporation System<br>818 W Seventh St.<br>Los Angeles CA 90017 | University Accounting Service<br>PO Box 918<br>Brookfiled, WI 53009-0918<br><br>University Accounting Service<br>PO Box 932<br>Brookfield, WI 53008-0932. |
| GC Services Limited Partnership<br>6330 Gulfton<br>Houston, TX 77081<br><br>Agent for Service of Process:<br>GC Services Limited Partnership c/o<br>C T Corporation System<br>818 W Seventh St.<br>Los Angeles CA 90017 | Diversified Collection Services, Inc.<br>333 North Canyons Parkway, Ste. 100<br>Livermore, CA 94551-7661 | Mru Holdings, Inc.<br>590 Madison Ave Fl 13<br>New York, NY 10022 |
| Sallie Mae, Inc.<br>PO Box 9655<br>Wilkes Barre, PA 18773<br><br>Sallie Mae, Inc.<br>PO Box 9500<br>Wilkes Barre, PA 18773<br><br>Sallie Mae, Inc.<br>12061 Bluemont Way<br>Reston, VA 20190<br><br>Agent for Service of Process:<br>Sallie Mae, Inc. c/o<br>Corporation Service Company Which<br>Will Do Business In California As<br>CSC - Lawyers Incorporating Service<br>2710 Gateway Oaks Dr. Ste. 150N<br>Sacramento, CA 95833 | Attorneys for National Collegiate Student Loan Trust 2004-2, A Delaware Statutory Trust(s)<br>Patenaude & Felix, APC<br>4545 Murphy Canyon Road, 3rd Floor<br>San Diego, CA 92123<br><br>Agent for Service of Process:<br>National Collegiate Student Loan Trust 2004-2, A Delaware Statutory Trust(s) c/o<br>Wilmington Trust Company<br>Rodney Square North<br>1100 N. Market Street<br>Wilmington, DE 19890 | Credit Collection Services<br>Two Wells Avenue, Dept. 779<br>Newton, MA 02459<br><br>Credit Collection Services Group, Inc.<br>3 E Montgomery Crossroads<br>Savannah, GA 31406<br><br>Agent for Service of Process:<br>Credit Collection Services Group, Inc. c/o<br>C T Corporation System<br>818 W Seventh St.<br>Los Angeles CA 90017 |